# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **5:96-CR-00208-SLB-SGC-1** |
| ) | |
| **MARVIN LEE HOLLEY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Marvin Lee Holley's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (doc. 485),[1] and motion to appoint counsel, (doc. 484).  Mr. Holley asserts that he has extraordinary and compelling reasons supporting a reduction in his sentence because of the risk posed by the current COVID-19 pandemic, his age and health conditions, and his rehabilitation during his imprisonment.  (Doc. 485).  After reviewing the submissions of the parties, the court finds that Mr. Holley is not entitled to compassionate release at this time.  Additionally, the court will decline to grant Mr. Holley appointed counsel.

**I.     Factual Background**

In 1996, Mr. Holley was charged via superseding indictment with: one count

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1

of conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846 (Count One); one count of being an organizer, supervisor, and manager of a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count Two); one count of continuing criminal enterprise murder, in violation of 21 U.S.C. § 848(e)(1)(A) (Count Three); one count of obstruction of justice, in violation of 18 U.S.C. § 1503 (Count Four): and one count of conspiracy to obstruct justice, in violation of 18 U.S.C. §§ 1503 & 371 (Count Five). (Doc. 6). The indictment alleged that Mr. Holley was the organizer of a conspiracy taking place over the course of more than a decade and involving more than 5,000 pounds of marijuana, more than 5 kilograms of cocaine, and hundreds of thousands of dollars. (*Id.* at 1–9). Additionally, the indictment alleged that, in 1991 and in furtherance of the conspiracy/continuing criminal enterprise, Mr. Holley murdered Ronald Avans, a man who had been involved with his organization. (*Id.* at 9–10). The indictment also charged Mr. Holley with soliciting the murder of witnesses in order to prevent them from testifying against him related to the abduction and murder of Ronald Avans in furtherance of his criminal enterprise. (*Id.* at 10-11). Finally, the indictment charged Mr. Holley with conspiring to obstruct justice with Billy Jay Gore, a prisoner serving a life sentence, by giving Mr. Gore information about the murder of Ronald Avans and paying Mr. Gore to falsely confess to the murder to conceal Mr. Holley's involvement. (*Id.* at 11–14).

Mr. Holley proceeded to a trial by jury. The jury found Mr. Holley guilty of all charges. (Doc. 366); (doc. 367). However, the court later vacated Mr. Holley's conviction as to Count One, conspiracy to distribute controlled substances, because it was a lesser included offense of Count Two, his continuing criminal enterprise conviction. (Doc. 401 at 1). The court sentenced Mr. Holley to life in prison as to Count Two, life in prison without parole as to Count Three, 10 years of imprisonment as to Count Four, and 5 years of imprisonment as to Count Five, all to run concurrently. (Doc. 405 at 2).

Mr. Holley is currently serving his life sentence at Talladega FCI. *See* https://www.bop.gov/inmateloc/ (last visited June 7, 2021). He is 75 years old. (*Id.*). According to information from the Bureau of Prisons, Talladega FCI currently does not have any inmates or staff who are positive for COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited June 7, 2021).

Mr. Holley's medical records show that he suffers from numerous health problems, including benign stable hypertension, an acute respiratory infection, multiple benign skin and dental conditions, moderate chronic kidney disease, eye issues, chronic ischemic heart disease characterized as stable, hearing problems, benign enlarged prostate, prediabetes, and unspecified chest pain. (Doc. 485-3); (doc. 490-2); (doc. 490-3). Mr. Holley takes multiple medications to control his conditions. (Doc. 485-3). Mr. Holley's records indicate that he is able to exercise

frequently. (Doc. 485-3 at 5). As of 2018, Mr. Holley's records show that his vision required relatively minimal correction. (*Id.* at 11).

The acting Clinical Director at Talladega FCI provided information that Mr. Holley was recently scheduled for a stress test to evaluate his chest pain and heart disease, but Mr. Holley refused the test. (Doc. 490-2). The Clinical Director also stated that Mr. Holley's life expectancy was considered to be "relatively normal"—though the Director could not fully assess life expectancy without the stress test that Mr. Holley refused—and that Mr. Holley is capable of self-care. (*Id.*). Mr. Holley previously contracted COVID-19 but has subsequently tested negative on multiple occasions. (Doc. 490-3 at 7); (doc. 490-4). He is now fully vaccinated against COVID-19. (Doc. 490-5).

Mr. Holley has not had any disciplinary incidents since his incarceration at Talladega FCI. (Doc. 485-5 at 3). The Bureau of Prisons has assessed Mr. Holley's risk level as low. (Doc. 485-6 at 2).

**II.   Standard of Review**

Mr. Holley brings his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has

properly exhausted his or her administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  Upon a prisoner's exhaustion of administrative remedies, Section 3582(c)(1)(A) allows a court to modify a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" *if* the court finds that "extraordinary and compelling reasons warrant such a reduction" *and* finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

The relevant Sentencing Commission policy statement contains application notes for Section 3582(c)(1)(A) that set forth several "extraordinary and compelling reasons" warranting a reduction in sentence.  U.S.S.G. § 1B1.13(1)(A) & cmt. 1.  Those circumstances are: (A) a medical condition affecting the defendant; (B) the age of the defendant; (C) certain family circumstances; and (D) "Other Reasons," a catchall provision which applies to reasons other than, or in combination with, those described in (A) through (C), "[a]s determined by the Director of the Bureau of Prisons."  *Id.* § 1B1.13 cmt. 1.  The medical condition circumstance applies where an inmate is suffering from a "terminal illness," a "serious physical or medical condition," a "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" and the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which

5

he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A). The age provision applies where the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13 cmt. 1(C). To merit compassionate release, the policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

A panel of the Eleventh Circuit has recently held in a published opinion that the policy statement in U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Therefore, a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* Further, the Eleventh Circuit clarified that courts should apply Application Note 1(D), the catchall provision, as it is written, stating that the Bureau of Prisons—not the court—determines "which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling." *Id.* at 1264–65. Thus, courts do not have the discretion to "develop 'other reasons'" under Application Note 1(D) "that might justify a reduction in a defendant's sentence." *Id.* at 1248.

### III.  Discussion

In his motion seeking compassionate release pursuant to Section 3582(c)(1)(A), Mr. Holley argues that this court has the discretion to determine whether his reasons for release are extraordinary and compelling and warrant a reduction in his sentence. (Doc. 485 at 1–2). He states that he has complied with the administrative exhaustion requirement of Section 3582(c)(1)(A) and includes documentation showing that he requested compassionate release from the warden of his correctional institution and did not receive a response within 30 days. (*Id.* at 2); (doc. 485-1). Mr. Holley admits that he committed violent crimes deserving a long sentence but argues that his post-incarceration conduct shows rehabilitation meriting release and shows that he is not a threat to the safety of the public. (Doc. 485 at 2–4; 7–10). Mr. Holley also argues that the threat of COVID-19, his age, and his deteriorating health conditions warrant compassionate release. (*Id.* at 4–7). Finally, Mr. Holley argues that his crime involved large amounts of hemp, so he contends that he would not face such a long sentence today. (*Id.* at 10–12). Mr. Holley also filed a motion for appointment of counsel to help him pursue compassionate release. (Doc. 484).

The government filed a response in opposition. (Doc. 490). In its response, the government acknowledges that Mr. Holley exhausted his administrative remedies when he sought compassionate release from the warden of

7

his correctional institution and did not receive a response for more than 30 days. (*Id.* at 3–4); (doc. 490-1); (doc. 490-6).  The government argues that Mr. Holley nonetheless is not entitled to relief because he failed to show extraordinary and compelling reasons warranting compassionate release, as he cannot show that his circumstances meet the requirements for extraordinary and compelling reasons as set forth by the applicable policy statement for Section 3582(c).  (Doc. 490 at 4–9). The government also argues that the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of release.  (*Id.* at 9–11).

In this case, Mr. Holley requested compassionate release from the warden of his correctional institution and did not receive a response within 30 days.  (Doc. 485 at 1–2); (doc. 485-1).  As noted, the government acknowledges that Mr. Holley properly exhausted his administrative remedies.  (Doc. 490 at 2–4); (doc. 490-1); (doc. 490-6).  Accordingly, Mr. Holley has fulfilled the exhaustion requirements set forth in Section 3582(c)(1)(A) and his motion is properly before the court for consideration on the merits.  *See* 18 U.S.C. § 3582(c)(1)(A).

Upon review of the filings in this case, the court finds that Mr. Holley is not entitled to compassionate release because he has not shown extraordinary and compelling reasons for release such that a reduction in his sentence would be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. 3582(c)(1)(A).  As the Eleventh Circuit has recently

clarified, the policy statement set forth in U.S.S.G. § 1B1.13—including its explanation of extraordinary and compelling reasons meriting compassionate release—governs all motions filed under Section 3582(c)(1)(A), even those filed by prisoners pursuant to the First Step Act. *Bryant*, 996 F.3d at 1262. Based on Mr. Holley's motion, there are three sections of the applicable policy statement under which Mr. Holley could potentially seek compassionate release: the section for inmates with serious medical conditions, the section based on an inmate's age, and the catchall provision in Application Note 1(D). *See* U.S.S.G. § 1B1.13 & cmt. 1. Because Mr. Holley cannot show entitlement to compassionate release under any of those provisions, the court finds that he has not shown circumstances that are consistent with the extraordinary and compelling reasons set forth in U.S.S.G. § 1B1.13 & cmt. 1.

As an initial matter, Mr. Holley cannot show extraordinary and compelling reasons meriting release under the catchall provision of the policy statement, which applies upon extraordinary and compelling reasons determined by the Director of the Bureau of Prisons. *See* U.S.S.G. § 1B1.13 cmt. 1(D). Under the Eleventh Circuit's recent holding in *Bryant*, the catchall provision in Application Note 1(D) must be applied as read and cannot be expanded to give courts, rather than the Bureau of Prisons, discretion to determine what "other reasons" qualify as extraordinary and compelling. *See Bryant*, 996 F.3d at 1248, 1264–65. Here, the

9

Director of the Bureau of Prisons has not delineated Mr. Holley's reasons for compassionate release as extraordinary and compelling, so Mr. Holley cannot show entitlement to relief under the catchall provision of Application Note 1(D).

Mr. Holley also cannot show extraordinary and compelling reasons for compassionate release based on a medical condition under Application Note 1(A). *See* U.S.S.G. § 1B1.13 cmt. 1(A). Mr. Holley does not allege, and his medical records do not indicate, that he is suffering from a terminal illness. *See id.* 1B1.13 cmt. 1(A)(i). Further, Mr. Holley cannot show that he has any medical condition or impairment from which he is not expected to recover and that substantially diminishes his ability to provide self-care within his correctional institution. *See id.* 1B1.13 cmt. 1(A)(ii). Mr. Holley's medical records show that he suffers from a number of chronic conditions, including hypertension, chronic kidney disease, chronic ischemic heart disease, an enlarged prostate, and prediabetes. (Doc. 485-3); (doc. 490-2); (doc. 490-3). However, Mr. Holley's medical records show that his conditions are controlled with medication; the records also clearly state that Mr. Holley is capable of self-care and is able to exercise frequently. (Doc. 490-2); (doc. 485-3 at 5); (doc. 490-3 at 7). Accordingly, Mr. Holley's medical conditions do not substantially limit his ability to provide self-care within his correctional institution; therefore, he cannot show that he qualifies for compassionate release based on a medical condition as set forth by the applicable policy statement. *See*

U.S.S.G. § 1B1.13 & cmt. 1(A).

Mr. Holley also cannot show that he meets the requirements for extraordinary and compelling circumstances under the policy statement dealing with age. The policy statement's provision based on the age of the defendant states that extraordinary and compelling circumstances exists where a defendant is at least 65, "is experiencing a serious deterioration in physical or mental health because of the aging process," and has served the lesser of 10 years or 75 percent of his term of imprisonment. U.S.S.G. § 1B1.13 cmt. 1(B). Here, Mr. Holley clearly meets two of the requirements; he is 75 years old and has served approximately 22 years of his life sentence. *See* https://www.bop.gov/inmateloc/ (last visited June 7, 2021); (Doc. 399). Thus, the only question is whether Mr. Holley is suffering from "a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13 cmt. 1(B). The court finds that he is not.

In determining whether a defendant is experiencing a serious deterioration in health due to the aging process, courts conduct "a fact-intensive analysis." *United States v. Ebbers*, 432 F. Supp. 3d 421, 428 (S.D.N.Y. 2020). Based on the differences in the text of the application notes for medical conditions and for the age of the defendant, a prisoner relying on age is not required to show that he cannot provide self-care, but that is a factor that courts may consider in

determining whether he has "serious" age-related deterioration. *Id.*; *see also* U.S.S.G. § 1B1.13 cmt. 1(A), (B).

As discussed above, Mr. Holley suffers from multiple chronic health conditions that could be attributed to age, including, but not limited to, benign hypertension, moderate kidney disease, chronic stable ischemic heart disease, benign enlarged prostate, and relatively minor issues with his skin, teeth, vision, and hearing. (Doc. 485-3); (doc. 490-2); (doc. 490-3). However, Mr. Holley's medical records show that his conditions are generally characterized as benign and/or stable. (Doc. 485-3); (doc. 490-2); (doc. 490-3). Further, his conditions like hypertension, ischemic heart disease, and enlarged prostate are treated and controlled with medication. (Doc. 485-3). Mr. Holley's most concerning condition appears to be his chronic ischemic heart disease. When he was last given a stress test, however, it did not diagnose any issues; further, he refused to get a stress test when one was ordered recently. (Doc. 490-3 at 20); (Doc. 490-2). Mr. Holley's refusal to have a stress test undercuts any assertions about the immediate seriousness of his condition. Without the stress test that Mr. Holley refused, his life expectancy was assessed by a medical professional to be "relatively normal." (Doc. 490-2). Thus, his conditions do not appear to be causing any immediate and serious decline in Mr. Holley.

Mr. Holley's various conditions also do not seem to have had major effects

on his quality of life.  For instance, while Mr. Holley has multiple conditions affecting his vision, his medical records show that he requires only minor visual correction.  (Doc. 485-3); (Doc. 490-3).  Further, Mr. Holley's records show that he is able to exercise frequently and provide self-care.  (Doc. 490-2); (doc. 485-3 at 5).  There is no indication that he needs any specialized or constant medical attention.  Thus, Mr. Holley's conditions have not caused such a "deterioration" in his health that he can no longer perform his normal functions or take care of himself.  U.S.S.G. § 1B1.13 cmt. 1(B).

   Mr. Holley also cannot rely on the risk presented by COVID-19 combined with his age and health conditions to show a deterioration in his health due to age.  First, Mr. Holley previously contracted COVID-19 and recovered.  *See* (Doc. 490-3 at 7); (doc. 490-4).  Second, Talladega FCI currently is not reporting any cases of COVID-19, which mitigates the risk from the virus.  *See* https://www.bop.gov/coronavirus/ (last visited June 7, 2021).  Most importantly, Mr. Holley is now fully vaccinated against COVID-19.  (Doc. 490-5).  Courts have recognized that "[b]eing fully vaccinated means [a] Defendant has a very low risk of developing COVID-19 that will result in death or serious illness."  *United States v. Loute*, No. 2:15-CR-99-FTM-38MRM, 2021 WL 1946701, at *2 (M.D. Fla. May 14, 2021).  Accordingly, Mr. Holley is at low risk from COVID-19 and cannot rely on that minimal risk to show a serious deterioration in health due to age.

Considering all of Mr. Holley's arguments and medical records, he cannot show a "a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13 cmt. 1(B).  Mr. Holley's conditions, while numerous, are generally benign, stable, well-managed, and do not cause a major adverse effect on his quality of life.  He does not appear to be in a rapid decline in health and his refusal to take a stress test demonstrates a lack of concern for what is likely his most serious condition.  Mr. Holley's conditions appear to be best characterized as "ordinary geriatric ailments," which do not rise to the level of extraordinary and compelling reasons for compassionate release.  *United States v. Brown*, No. 1:04-CR-00006, 2020 WL 3035916, at *3 (M.D. Tenn. June 4, 2020).  Thus, the court finds that Mr. Holley's health conditions lack the requisite severity to show that he is experiencing a serious deterioration in health due to age.

This conclusion is bolstered by comparing Mr. Holley's situation to that of other inmates around the country who courts have found showed extraordinary and compelling reasons for release due to age and health.  In some cases, courts have found that an inmate has shown extraordinary and compelling circumstances based on the rapidity with which the inmate's condition was worsening.  *See, e.g., United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (finding serious deterioration due to the aging process where inmate had several age-related conditions including decreased memory, was placed on

14

suicide watch after being assaulted, was "increasingly vulnerable to victimization within the correctional facility," and had "withdrawn to his cell out of fear of interaction with other inmates"); *Ebbers*, 432 F. Supp. 3d at 431–32 (finding a deterioration due to age where the inmate was in "rapid decline" characterized by dementia requiring 24-hour nursing care, rapid involuntary weight loss, difficulty walking such that he constantly required some kind of assistance, multiple hospitalizations, and a several other diagnosed conditions). Mr. Holley has not indicated that he has recently experienced any similar kind of sudden or rapid decline in health and wellness, which undermines his ability to show a serious deterioration in health due to his age.

In other cases, courts have relied in part on the fact that an inmate needed constant care, required constant medical aids like a walker or oxygen, or required frequent hospitalizations or serious medical treatments. *See, e.g., United States v. Canty*, No. 3:94-CR-169-HLA-MCR, 2021 WL 1526351, at *4 (M.D. Fla. Apr. 19, 2021) (finding extraordinary and compelling reasons based on age where the defendant suffered from "a litany of ailments, including end-stage renal disease, chronic viral hepatitis C, type 2 diabetes, hypertension, ischemic cardiomyopathy (a type of heart disease), and HIV," required dialysis, and had recently broken his hip); *United States v. Lynn*, No. CR 89-0072-WS, 2020 WL 3229302, at *2–3 (S.D. Ala. June 15, 2020) (finding serious deterioration due to

15

age where an inmate had numerous health conditions including, but not limited to, uncontrolled high blood pressure, degenerative changes in his knee that precluded any sports activity, atrial fibrillation that had required multiple hospitalizations, chronic kidney disease, and coronary artery disease "more extensive and severe than is typically seen in patients of his age"); *United States v. Conner*, 465 F. Supp. 3d 881, 886–89 (N.D. Iowa 2020) (finding extraordinary and compelling reasons based on age where the defendant required daily supplemental oxygen, had to use a wheelchair, needed constant wound care, and had been hospitalized four times in the past six years).  Mr. Holley has not shown that he has had to be frequently hospitalized or that he requires frequent medical treatments like dialysis.  He also has not shown that he requires any medical apparatus like oxygen or a walker and has not shown that he requires constant care for his health conditions.  Mr. Holley's situation pales in comparison to some inmates who courts have found showed a serious deterioration due to age.

The fact that Mr. Holley has received the COVID-19 vaccine and is protected from the virus also separates him from many inmates who were able to show a serious deterioration in health due to age.  Courts have found extraordinary and compelling reasons for release based on health and age for inmates with conditions somewhat similar to Mr. Holley's, but who were also at high risk from COVID-19.  *See, e.g.*, *United States v. Johnson*, No. 3:20-CR-25-J-34PDB, 2020

16

WL 5513380, at *3 (M.D. Fla. Sept. 14, 2020) (finding extraordinary and compelling reasons where an 80-year-old was at high risk from COVID-19 and suffered from "type 2 diabetes, stage 3 chronic kidney disease, high blood pressure, a heart murmur, post-traumatic stress disorder (PTSD), depression, a lower back injury, a right leg injury, sleep apnea, and vision loss in his left eye"); *United States v. Smith*, 482 F. Supp. 3d 1218, 1224–25 (M.D. Fla. 2020) (finding extraordinary and compelling reasons based on age and the specific risk posed by COVID-19 where the defendant had multiple medical conditions related to age and had recently suffered a stroke); *but cf. United States v. Shepard*, No. CR 07-85 (RDM), 2021 WL 848720, at *7 (D.D.C. Mar. 4, 2021) (finding that an inmate had *not* shown a serious deterioration due to age where the inmate had been vaccinated against COVID-19 and suffered from skin cancer that was possibly in remission, an enlarged prostate, borderline obesity, high blood pressure, smoker's cough, and "a laundry list of other minor ailments").  Unlike many prisoners granted relief, Mr. Holley does not have the additional risk of COVID-19 to increase the overall severity of his health conditions.

So, Mr. Holley's conditions are less severe than the conditions of many inmates who courts have found showed extraordinary and compelling circumstances warranting release.  Instead, Mr. Holley's situation is more like the situation in cases in which courts found that inmates failed to make the requisite

17

showing of extraordinary and compelling circumstances based on age. Courts have found that inmates did not show a serious deterioration based on age where they suffered from multiple relatively minor or treatable conditions commonly caused by aging. *See, e.g., Shepard*, No. CR 07-85 (RDM), 2021 WL 848720, at *7 (finding no deterioration based on skin cancer that was possibly in remission, an enlarged prostate, borderline obesity, high blood pressure, smoker's cough, and "a laundry list of other minor ailments"); *Brown*, No. 1:04-CR-00006, 2020 WL 3035916, at *3 (finding that an inmate had not shown extraordinary and compelling circumstances where he had cancer that was being successfully treated, controlled diabetes and high blood pressure, single-eye blindness, and back pain requiring a cane); *United States v. Young*, 458 F. Supp. 3d 838, 848 (M.D. Tenn. 2020) (finding that, standing alone, a 72-year-old inmate's health issues of high cholesterol, high blood pressure, cataracts, diabetes requiring multiple daily injections, chronic kidney disease, and abdominal pain did not qualify as extraordinary and compelling reasons warranting compassionate release). Like the inmates in these cases, Mr. Holley has multiple treatable conditions commonly caused by aging, but he has not shown that any are particularly severe.

    The facts on the record and the context provided by caselaw around the country support the court's finding that Mr. Holley cannot show "a serious deterioration in physical or mental health because of the aging process." U.S.S.G.

§ 1B1.13 cmt. 1(C). Mr. Holley's conditions are numerous, but he has not shown that they are particularly severe; his situation is more akin to the medical situation of inmates who courts found had not established extraordinary and compelling reasons for relief. Mr. Holley has not shown that he qualifies for compassionate release based on his age under the policy statement in Application Note 1(C). *See id.* Because Mr. Holley cannot show extraordinary and compelling reasons meriting release under any of the provisions of the policy statement, he cannot show entitlement to relief under Section 3582(c)(1)(A); therefore, his motion for compassionate release is due to be denied. *See* 18 U.S.C. § 3582(c)(1)(A).

As a final note, the court will decline to appoint counsel for Mr. Holley. No constitutional or statutory right to counsel exists for Section 3582 motions; the decision whether to appoint an attorney in a Section 3582 action is left to the court's discretion. *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). Here, the court finds that Mr. Holley has effectively put forth the basic contours of his arguments for compassionate release without assistance and his claims are not so complex as to require appointed counsel.

### IV.   CONCLUSION

Because he has not shown extraordinary and compelling reasons for a reduction in sentence in light of the applicable policy statement, the court **will DENY** Mr. Holley's motion for compassionate release, (doc. 485). The court

19

likewise **will DENY** his motion for appointment of counsel, (doc. 484).

**DONE** and **ORDERED** this 7th day of June, 2021.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE