FILED
2021 Jul-08 AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | 5:96-CR-00208-SLB-SGC-1 |
| | ) | |
| **MARVIN LEE HOLLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Marvin Lee Holley's *pro se* "Motion for Reconsideration of Denial of Compassionate Release." (Doc. 497).[1] Mr. Holley seeks reconsideration of this court's previous Memorandum Opinion, (doc. 494), and Order, (doc. 495), denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (doc. 485). Mr. Holley argues that his motion should be granted to prevent a manifest injustice and offers multiple reasons why he believes that this court's previous determination regarding his motion to reduce sentence was in error. (Doc. 497). After considering Mr. Holley's motion, the court finds that the motion is due to be denied. Because the motion facially lacks merit, no response from the government is necessary.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1

## I. FACTUAL BACKGROUND

Mr. Holley is currently serving a sentence of life in prison after being convicted by a jury on charges of: one count of being an organizer, supervisor, and manager of a continuing criminal enterprise; one count of continuing criminal enterprise murder; one count of obstruction of justice; and one count of conspiracy to obstruct justice. (Doc. 6); (Doc. 405). Mr. Holley is serving his life sentence at Talladega FCI. *See* https://www.bop.gov/inmateloc/ (last visited July 8, 2021). He is 75 years old. (*Id.*). According to information from the Bureau of Prisons, Talladega FCI currently does not have any inmates or staff who are positive for COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 8, 2021).

Mr. Holley suffers from multiple health problems including benign stable hypertension, an acute respiratory infection, multiple benign skin and dental conditions, moderate chronic kidney disease, eye issues, chronic ischemic heart disease characterized as stable, hearing problems, benign enlarged prostate, prediabetes, and unspecified chest pain. (Doc. 485-3); (Doc. 490-2); (Doc. 490-3). He takes medication to manage his health problems and is able to exercise and provide self-care. (Doc. 485-3); (Doc. 490-2); (Doc. 490-3). Mr. Holley previously had COVID-19 but has now tested negative multiple times; he has also now been fully vaccinated against the virus. (Doc. 490-3 at 7); (Doc. 490-4); (Doc. 490-5).

In March of 2021, Mr. Holley filed in this court a "Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 603 of the First Step Act for Extraordinary and Compelling Reasons." (Doc. 485 at 1). Mr. Holley argued that the court should grant him compassionate release based on extraordinary and compelling reasons because his post-incarceration conduct showed that he was rehabilitated and no longer a danger to the public; because of the threat of COVID-19, his age, and his health conditions; and because his crime involved large amounts of hemp, which he asserted was no longer criminalized. (Doc. 485).

The government filed a response opposing Mr. Holley's motion for compassionate release, asserting that he did not meet the requirements for relief. (Doc. 490). Mr. Holley then filed a motion seeking an extension of time to file a reply. (Doc. 491). The court granted the motion, directing Mr. Holley to file his reply on or before May 28, 2021. (Doc. 492).[2]

On June 7, 2021, after considering Mr. Holley's request for compassionate release and the response in opposition filed by the government, this court denied

---

[2] Mr. Holley dated his reply May 19, 2021—within the time allotted by the court for him to file a reply. (Doc. 496). Thus, the reply was timely under the prison mailbox rule. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (a *pro se* prisoner's court filing is considered filed on the date it is delivered to prison authorities—the date that the prisoner signed it, absent evidence to the contrary—for mailing, not the date it is filed with the court). However, the reply was not actually filed with the court until June 10, 2021, after the court had entered its Opinion and Order. Thus, the reply was not considered. Because Mr. Holley's reply was technically timely, the court will address it in this Memorandum Opinion.

Mr. Holley's motion for compassionate release. (Doc. 495). The court found that, pursuant to binding Eleventh Circuit precedent set forth in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), Mr. Holley had not made the requisite showing of extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i) because his proffered reasons for release did not fall within the extraordinary and compelling reasons delineated by the policy statement in U.S.S.G. § 1B1.13 that governs motions under Section 3582(c)(1)(A). (Doc. 494).

Mr. Holley's reply to the government's response subsequently was filed with the court on June 10, 2021. (Doc. 496). In his reply, Mr. Holley argued that the Bureau of Prisons was mishandling the COVID-19 pandemic such that he was not safe in prison because of COVID-19 and his medical conditions. (Doc. 496 at 1–11, 13–15). Mr. Holley also raised a new argument that he qualified for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii) in addition to Section 3582(c)(1)(A)(i), and argued that his age entitled him to relief. (*Id.* at 11–12). Mr. Holley asserted that he does not pose a threat to the public and that he should be released because his crime involved hemp. (*Id.* at 16–18).

Now, Mr. Holley has filed a motion for reconsideration and argues that, to "prevent a manifest injustice," the court should reconsider the denial of his motion for compassionate release. (Doc. 497 at 1).

4

## II. STANDARD OF REVIEW

It is not entirely clear whether a court can consider a motion for reconsideration related to a motion for compassionate release filed pursuant to Section 3582(c)(1)(A). The Federal Rules of Criminal Procedure do not explicitly provide a mechanism for reconsideration in criminal cases. *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010). Additionally, the Eleventh Circuit has stated that—at least in the context of motions to reduce sentence under Section 3582(c)(2)—Section 3582 motions are criminal in nature and the rules of civil procedure do not apply. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Thus, the Eleventh Circuit has stated that the civil motions for reconsideration, Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60, "are civil remedies, and, therefore, cannot be used to obtain relief from a judgment in a criminal case." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011).

However, the Eleventh Circuit has also noted that, "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and this Court have permitted parties to file such motions in criminal cases." *Serrano*, 411 F. App'x at 255. The Eleventh Circuit has also reviewed and affirmed district court denials of motions for reconsideration of orders denying motions for compassionate release under Section 3582(c)(1)(A). *See, e.g., United States v. Fidalgo*, No. 20-13778, 2021 WL

1750120, at *2 (11th Cir. May 4, 2021) (affirming district court denial of a motion for reconsideration of the denial of a motion for compassionate release under Section 3582(c)(1)(A) because the defendant did not present the kind of evidence warranting reconsideration); *United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021) (affirming district court denial of a motion for reconsideration of denial of compassionate release).

Because of the lack of clarity regarding the permissibility of a motion to reconsider the denial of a motion for compassionate release under Section 3582(c)(1)(A), the court will assume, without deciding, that it has jurisdiction and will address Mr. Holley's motion both as a motion for reconsideration of the denial of his previous Section 3582 motion and as a successive Section 3582 motion. *See United States v. Mederos-Jimenez*, 748 F. App'x 289, 290 (11th Cir. 2019) (citing *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245–47 (11th Cir. 2017) (stating that "district courts have jurisdiction to entertain successive motions for a sentence reduction if the district court denied the initial motion for a sentence reduction")).

### III. DISCUSSION

In his motion, Mr. Holley argues that the court should reconsider its denial of his motion for compassionate release to avoid a manifest injustice. (Doc. 497 at 1). He asserts that the Eleventh Circuit incorrectly decided *Bryant* and that case

6

should not prevent the court from considering extraordinary and compelling circumstances other than those set forth in U.S.S.G. § 1B1.13. (*Id.* at 2–5). Mr. Holley also argues that the court did not mention his reply brief in its denial of his motion for compassionate release. (*Id.* at 6). He then reasserts his arguments from his reply, stating that prisons are not safe and that he qualifies for compassionate release under Section 3582(c)(1)(A)(ii) and U.S.S.G. § 1B1.13 because he is over 70, has served more than 30 years in prison, and is not a danger to the community. (*Id.* at 6–13, 17, 19–20, 22). He asserts that his sentence is more laborious than that of other inmates because of his medical conditions and argues that he has experienced a serious deterioration in health due to aging that warrants compassionate release. (*Id.* at 6, 17–18). He further states that his hemp argument was not addressed and supports his release. (*Id.* at 7). Mr. Holley also expresses doubts about the efficacy of the Pfizer COVID-19 vaccine that he received. (*Id.* at 20–21).

### A. Motion for Reconsideration

When adjudicating motions for reconsideration in criminal cases, courts tend to use the standards governing civil motions for reconsideration. *United States v. Tubbs*, No. CR 2:14-00135-KD-N, 2021 WL 1031966, at *2 (S.D. Ala. Mar. 17, 2021) (citing *United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 4015499, at *2 (S.D. Fla. July 16, 2020)). A court will not grant a motion for

7

reconsideration unless a movant can show newly discovered evidence or manifest error of law or fact. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

In this case, Mr. Holley cannot show that he is entitled to reconsideration of this court's denial of his motion for compassionate release. As an initial matter, much of Mr. Holley's motion simply reargues that he has shown extraordinary and compelling circumstances warranting compassionate release. *See* (Doc. 497 at 6–23). Mr. Holley does not introduce any newly discovered evidence—for instance, any evidence about the danger or severity of his health conditions—that would change the court's assessment of whether he qualifies for compassionate release pursuant to Section 3582. *See Jacobs*, 626 F.3d at 1344. Rather, his arguments posit that the court reached an incorrect conclusion in its analysis, not that the court misunderstood relevant law or facts. In effect, Mr. Holley simply asks the court "to reexamine an unfavorable ruling," which constitutes an attempt to relitigate old matters; such relitigation does not merit reconsideration. *See Jacobs*, 626 F.3d at 1344; *Wilchombe*, 555 F.3d at 957.

Where he does not merely relitigate the court's previous decision, Mr. Holley argues that this court did not address his arguments or made manifest errors of law or fact. *See* (Doc. 497). Mr. Holley's arguments are without merit and do not warrant a grant of reconsideration and compassionate release. First, Mr. Holley argues that the court is not bound by the Eleventh Circuit's decision in *Bryant*, which held that the policy statement set forth in U.S.S.G. §1B1.13 is an applicable policy statement delineating possible extraordinary and compelling reasons for compassionate release under Section 3582(c)(1)(A). *See* (Doc. 497 at 2–5); *Bryant*, 996 F.3d at 1262. But the courts in this circuit have a duty to apply precedent established by the Eleventh Circuit "unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc." *Martin v. Singletary*, 965 F.2d 944, 945 (11th Cir. 1992). Thus, regardless of Mr. Holley's opinions regarding its correctness, *Bryant* is binding precedent that governs the decisions of this court. Mr. Holley is not entitled to reconsideration on that ground.

Mr. Holley also cannot show that his motion should be granted and that he should be granted compassionate release based on the court's failure to address his reply brief. It is true that the court did not address the arguments in Mr. Holley's reply brief; this is because, despite the fact that the reply was timely filed under the prison mailbox rule, it did not arrive at the court until almost two weeks after the

9

deadline to file and after this court entered its Memorandum Opinion and Order denying relief. Nevertheless, any error in failing to address the arguments in Mr. Holley's reply brief was harmless and does not constitute a manifest injustice meriting reconsideration. *See United States v. Arrate-Rodriguez*, 724 F. App'x 832, 837 (11th Cir. 2018) (stating that an error in docketing and interpreting a Section 3582 motion was harmless where the Section 3582 motion should have ultimately been denied).

Mr. Holley's reply brief primarily reiterated arguments from his original motion about the safety of prisons during the COVID-19 pandemic and his entitlement to a sentence reduction based on his rehabilitation and the fact that his crime involved hemp. (Doc. 496). Nothing in those arguments changes the court's determination that Mr. Holley failed to show that he met the requirements for compassionate release under Section 3582(c)(1)(A)(i) because he failed to make the threshold showing of extraordinary and compelling reasons for release consistent with the applicable policy statement. *See* (Doc. 494); 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 & cmt. 1. The only argument in Mr. Holley's reply brief that is not resolved by this court's denial of his original motion for compassionate release pursuant to Section 3582(c)(1)(A)(i) is his argument that he is entitled to compassionate release pursuant to Section 3582(c)(1)(A)(ii). That

argument lacks merit, which renders the failure to address Mr. Holley's reply brief harmless.

Mr. Holley did not mention Section 3582(c)(1)(A)(ii) in his original motion; he raised the matter for the first time in his reply brief. *See* (Doc. 485); (Doc. 496). District courts "ordinarily do not consider arguments raised for the first time on reply." *Park City Water Auth., Inc. v. N. Fork Apartments, L.P.*, No. CIV.A. 09-0240-WS-M, 2009 WL 4898354, at *1 (S.D. Ala. Dec. 14, 2009); *see also Cass v. United States*, No. 1:07-CR-00035-LSC, 2014 WL 1277915, at *4 (N.D. Ala. Mar. 27, 2014) (stating that "the general rule is that a movant may not argue an issue in its reply brief that was not preserved in its initial motion or brief"). Thus, Mr. Holley's new argument regarding Section 3582(c)(1)(A)(ii) in his reply brief was not ripe for consideration. Even it if had been, Mr. Holley does not meet the requirements for relief under 18 U.S.C. § 3582(c)(1)(A)(ii), as discussed further below. Accordingly, Mr. Holley has "failed to present the type of newly discovered evidence or manifest error of law or fact that warrants reconsideration" of the denial of his motion for compassionate release. *Fidalgo*, No. 20-13778, 2021 WL 1750120, at *2; *see also Jacobs*, 626 F.3d at 1344.

### B. Successive Section 3582(c)(1)(A) Motion

To the extent that Mr. Holley's motion is construed as a successive motion for compassionate release pursuant to Section 3582(c)(1)(A), he is likewise not

entitled to relief. Section 3582(c)(1)(A), as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has properly exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Upon a prisoner's exhaustion of administrative remedies, Section 3582(c)(1)(A) allows a court to modify a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" *if* the court finds that either "extraordinary and compelling reasons warrant such a reduction"—as set forth in Section 3582(c)(1)(A)(i)—or that the defendant is at least 70 years old, "has served at least 30 years in prison, pursuant to a sentence imposed under [18 U.S.C.] section 3559(c), for the offense or offenses for which the defendant is currently imprisoned," and the Director of the Bureau of Prisons has determined that the defendant is not a danger to the community—as set forth in Section 3582(c)(1)(A)(ii). Additionally, the court must find that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The relevant Sentencing Commission policy statement contains application notes for Section 3582(c)(1)(A) that set forth several "extraordinary and compelling reasons" warranting a reduction in sentence. U.S.S.G. § 1B1.13(1)(A)

& cmt. 1. Those circumstances are: (A) a medical condition affecting the defendant; (B) the age of the defendant; (C) certain family circumstances; and (D) "Other Reasons," a catchall provision which applies to reasons other than, or in combination with, those described in (A) through (C), "[a]s determined by the Director of the Bureau of Prisons." *Id.* § 1B1.13 cmt. 1. In *Bryant*, the Eleventh Circuit held that the policy statement in U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)," such that a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Further, the Eleventh Circuit clarified in *Bryant* that courts should apply Application Note 1(D), the catchall provision, as it is written; thus, the Bureau of Prisons—not the court—determines "which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling" and courts do not have the discretion to "develop 'other reasons'" for compassionate release under Application Note 1(D). *Id.* at 1248, 1264–65.

Here, Mr. Holley argues that he is entitled to compassionate release under both Section 3582(c)(1)(A)(i) and Section 3582(c)(1)(A)(ii). He cannot show that he is entitled to compassionate release under either provision.

As an initial matter, for the reasons discussed more exhaustively in this court's previous Memorandum Opinion, (doc. 494), Mr. Holley has not shown that

he is entitled to compassionate release under Section 3582(c)(1)(A)(i) because he cannot show extraordinary and compelling reasons for relief that are consistent with the applicable policy statement put forth by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *Bryant*, 996 F.3d at 1262. Mr. Holley argues, among other things, that the court should grant him compassionate release because of his health conditions and his age and because prisons are not safe during the COVID-19 pandemic. (Doc. 497). Thus, it appears that Mr. Holley could potentially seek compassionate release under three sections of the policy statement applicable to Section 3582(c)(1)(A)(i): the section regarding medical conditions, the section regarding age, and the catchall provision in Application Note 1(D). *See* U.S.S.G. § 1B1.13 & cmt. 1. He has not shown that any of those provisions applies to him.

First, Mr. Holley cannot show entitlement to relief under the catchall provision of Application Note 1(D). *Bryant* explains that extraordinary and compelling circumstances under Application Note 1(D) must be determined by the Bureau of Prisons, not the courts. *See Bryant*, 996 F.3d at 1264–65. The Bureau of Prisons has not delineated Mr. Holley's reasons for compassionate release as extraordinary and compelling and the court has no discretion to identify "other reasons" for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. 1(D); *Bryant*, 996 F.3d at 1264–65. Therefore, Mr. Holley is not entitled to relief under Application Note 1(D).

Mr. Holley also cannot show that he qualifies for compassionate release under Application Note 1(A), which—relevant here—applies to inmates with a serious medical condition or deteriorating health due to aging. U.S.S.G. § 1B1.13 cmt. 1(A)(ii). To qualify as an extraordinary and compelling reason under Application Note 1(A), an inmate's health condition must substantially diminish the inmate's ability to provide self-care in prison and must be something from which the inmate "is not expected to recover." *Id.* First, Mr. Holley is vaccinated against COVID-19. (Doc. 490-5). Thus, Mr. Holley cannot rely on the risk from COVID-19 to show that he has a serious medical condition. *See United States v. Loute*, No. 2:15-CR-99-FTM-38MRM, 2021 WL 1946701, at *2 (M.D. Fla. May 14, 2021) (recognizing that "[b]eing fully vaccinated means Defendant has a very low risk of developing COVID-19 that will result in death or serious illness"). Moreover, Mr. Holley's medical records show that he is able to provide self-care. (Doc. 485-3 at 5); (Doc. 490-3 at 7). Accordingly, he has not shown extraordinary and compelling reasons warranting compassionate release under Application Note 1(A) because he does not have a health condition that substantially diminishes his ability to provide self-care and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. 1(A)(ii).

Finally, as discussed at length in this court's previous Memorandum Opinion denying compassionate release, Mr. Holley's age does not provide an

15

extraordinary and compelling reason warranting compassionate release. *See* (Doc. 494 at 11–19). Application Note 1(B) of the applicable policy statement, entitled "Age of the Defendant," applies where a defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. 1(B). First, as discussed above, Mr. Holley is vaccinated against COVID-19 and, therefore, is not at high risk for developing a serious case of the virus. *See* (Doc. 490-5); *Loute*, No. 2:15-CR-99-FTM-38MRM, 2021 WL 1946701, at *2. Further, while Mr. Holley does suffer from some health conditions, they are generally benign and/or controlled by medication and do not amount to a "*serious* deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13 cmt. 1(B) (emphasis added). Therefore, Mr. Holley has not shown extraordinary and compelling circumstances under Application Note 1(B) based on his age and health conditions.

Accordingly, Mr. Holley cannot show extraordinary and compelling reasons warranting compassionate release under any of the provisions of the applicable policy statement found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 & cmt. 1. As the Eleventh Circuit has made clear in binding precedent in *Bryant*, Mr. Holley therefore cannot show extraordinary and compelling reasons warranting

compassionate release, as required for a reduction in sentence under Section 3582(c)(1)(A)(i). *See Bryant*, 996 F.3d at 1262; *see also* 18 U.S.C. § 3582(c)(1)(A)(i).

Further, Mr. Holley also cannot show entitlement to compassionate release under Section 3582(c)(1)(A)(ii), which applies to prisoners over 70 who have served more than 30 years of a sentence under Section 3559(c) for an offense for which they are currently imprisoned and who the Director of the Bureau of Prisons has found are not a danger. 18 U.S.C. § 3582(c)(1)(A)(ii). That provision does not apply to Mr. Holley. Mr. Holley was not sentenced for the offenses for which he is currently imprisoned until 1999. (Doc. 405). So, Mr. Holley has not yet served 30 years in prison for the offenses for which he is currently imprisoned. *See* 18 U.S.C. § 3582(c)(1)(A)(ii). Therefore, even if he could meet the other requirements for a reduction in sentence under Section 3582(c)(1)(A)(ii), Mr. Holley has not served the required amount of time in prison for his offenses, and, therefore, is not eligible for compassionate release pursuant to Section 3582(c)(1)(A)(ii). *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Because Mr. Holley cannot show that he qualifies for relief under Section 3582(c)(1)(A)(i) or Section 3582(c)(1)(A)(ii), his successive motion for compassionate release under Section 3582(c)(1)(A) is due to be denied. As a final note, because Mr. Holley cannot make required threshold showings for the relief

he seeks under Section 3582(c)(1)(A), the court need not address his arguments that are foreclosed—for example, his arguments about his rehabilitation and about his crime involving hemp.

## IV. CONCLUSION

As set forth above, Mr. Holley has not made the required showings for reconsideration of this court's denial of his motion for compassionate release or for the grant of a successive motion for compassionate release. Accordingly, the court will **DENY** Mr. Holley's self-styled motion for reconsideration, (doc. 497).

**DONE** and **ORDERED** this 8th day of July, 2021.

*Sharon Lovelace Blackburn*
———————————————
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE