UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs.   ) | **5:96-CR-00208-SLB-SGC-1** |
| ) | |
| **MARVIN LEE HOLLEY,**   ) | |
| ) | |
| **Defendant.**   ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Marvin Lee Holley's *pro se* "Motion for Compassionate Release Reconsideration and Motion to Proceed in Forma Pauperis."  (Doc. 512).[1] Mr. Holley seeks reconsideration of this court's previous Memorandum Opinions, (doc. 494); (doc. 498), and Orders, (doc. 495); (doc. 499), denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Holley offers multiple reasons why he believes that this court's previous determination regarding his motion to reduce sentence was in error. (Doc. 512).  After considering Mr. Holley's motion, the government's response (doc. 516), and Mr. Holley's reply (doc. 522), the court finds that the motion is due to be denied.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

Mr. Holley argues that the court should grant him compassionate release because he "(1) meets the age of 70-years or more, (He is 77-years old), (2) He has served 34-plus years on the instant offense and related offenses, that the Court ran concurrently meeting the 30-year threshold, and (3) HOLLEY is no longer a threat to anyone at 77-years old, he needs assistance in getting around as well as maintained over 30-years of clear conduct . . . HOLLEY is willing to have his sentence of life converted to life time Supervised Release." (Doc. 512 at 4).[2]

**STANDARD OF REVIEW**

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court has no inherent authority to modify a defendant's sentence, and it may do so only when authorized by a statute or rule." *United States v. Bradford*, 2023 WL 334755, at *4 (11th Cir. Jan. 20, 2023) (citing *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)).

---

[2] A portion of Mr. Holley's motion filed in the court's record appeared in document 512-2. As entered in CM/ECF, the citation to doc. 512 at 4 refers to page 7 of Mr. Holley's motion.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the BOP to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request. 18 U.S.C. § 3582(c)(1)(A)(i).

"A district court may reduce a term of imprisonment if: (1) the § 3553(a) factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and (3) the reduction would not endanger any person or the community." *United States v. Bradford*, 2023 WL 334755, at *4 (11th Cir. Jan. 20, 2023) (citing *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)). "All these conditions are necessary, so if the court finds against the defendant on one of them, it cannot grant a sentence reduction." *Id.* (citing *Tinker*, 14 F.4th at 1238).

In *United States v. Bryant*, the Eleventh Circuit held that the policy statement in U.S.S.G. § 1B1.13 is binding on a district court. 996 F.3d 1243, 1252-52 (11th Cir. 2021). "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Section 1B1.13 lists four reasons that are extraordinary and compelling: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which

'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) '[a]s determined by the Director of the Bureau of Prisons, ... an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).'" *Bryant*, 996 F.3d at 1249. In addition, the policy statement requires that, to be eligible for release, a defendant not pose a danger to society. § 1B1.13(2).

As noted in the court's July 8, 2021, memorandum opinion,

> When adjudicating motions for reconsideration in criminal cases, courts tend to use the standards governing civil motions for reconsideration. *United States v. Tubbs*, No. CR 2:14-00135-KD-N, 2021 WL 1031966, at *2 (S.D. Ala. Mar. 17, 2021) (citing *United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 4015499, at *2 (S.D. Fla. July 16, 2020)). A court will not grant a motion for reconsideration unless a movant can show newly discovered evidence or manifest error of law or fact. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

(Doc. 498 at 7-8).

Mr. Holley has not shown that he is entitled to reconsideration of this court's denials of his two previous motions for compassionate release. For the reasons discussed more exhaustively in this court's previous Memorandum Opinions, (doc.

494 and doc. 498), Mr. Holley has not show that he is entitled to compassionate release under Section 3582(c)(1)(A)(i) because he cannot show extraordinary and compelling reasons for relief that are consistent with the applicable policy statements put forth by the Sentencing Commission. *See,* 3582(c)(1)(A)(i); *Bryant,* 996 F.3d at 1262.

Accordingly, the court will deny Mr. Holley's Third Motion for Compassionate Release. (Doc. 512).

**DONE** and **ORDERED** this 3rd day of October, 2023.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE